■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN A. HANOVER, True Name JOHN ARTHUR HANOVER, Appellant.— Appeal from a judgment of the County Court, Queens County, convicting appellant, after trial, of rape in the first degree, assault in the second degree and robbery in the first degree. Judgment unanimously affirmed. Although the prosecutor indulged in improper comment in his summation, nevertheless on the entire record it is our opinion that appellant's substantial rights were not affected, and that justice does not require a new trial. The evidence conclusively established appellant's guilt, and we do not believe that the verdict of the jury would have been different if the improper statements had not been made (Code Crim. Pro., § 542). Present— Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE HERMANN, True Name GEORGE HERRMANN, Appellant.— Appeal (1) from a judgment of the County Court, Queens County, convicting appellant, after trial, of robbery in the first degree, assault in the second degree and petit larceny, and (2) from each and every intermediate order therein made. Judgment affirmed. It was error to permit a detective to testify that a witness called by the People had previously identified appellant (People v. Trowbridge, 305 N. Y. 471). However, the error does not require reversal of the judgment. Uncontradicted evidence adduced by the People established beyond any doubt the appellant's guilt, and we do not believe that the verdict of the jury would have been different if the evidence complained of had not been admitted. Other claims of error, now made by appellant, were not called to the attention of the trial court by objection or exception. On the entire record it is our opinion that appellant's substantial rights were not affected and that the interests of justice do not require a new trial (Code Crim. Pro., § 542). Appeal from intermediate orders dismissed. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment. Nolan, P. J., Beldock and Ughetta, JJ., concur; Kleinfeld and Pette, JJ., concur in the dismissal of the appeal from the intermediate orders, but dissent from the affirmance of the judgment and vote to reverse such judgment and to grant a new trial, with the following memorandum: As stated by the majority, it was error to permit a detective to testify that a witness called by the People had previously identified appellant (People v. Trowbridge, 305 N. Y. 471). Additional errors were committed. Although appellant, in the exercise of his constitutional prerogative, chose not to take the stand, the court charged " You have had the benefit of seeing the defendant in court and you have watched him." The court defined "reasonable doubt" as " a doubt for which you can give a reason that is a good substantial reason " (cf. People v. Barker, 153 N. Y. 111, 115). Having failed, in the main charge, to define the lower degrees of the crimes charged, the court compounded its error when, in response to appellant's request, it prefaced its meager instruction on the subject with an observation to the effect that a consideration of the lesser degrees might confuse the jury. In our opinion, the foregoing and other errors affected appellant's substantial rights and, in the interests of justice, a new trial should be had.